# Third District Court of Appeal

## State of Florida

Opinion filed November 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1624
Lower Tribunal No. 19-10169
_____

**Nermy Del Rio,**
Appellant,

vs.

**Russell Engineering, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Morgan & Morgan, and Brian J. Lee (Jacksonville), for appellant.

Holland & Knight LLP, and Frances Guasch De La Guardia and Suzanne M. Aldahan, for appellee.

Before LOGUE, SCALES, and HENDON, JJ.

LOGUE, J.

Nermy Del Rio appeals a final summary judgment entered in favor of Russell Engineering, Inc. in this negligence and premises liability action. We review a trial court's order on a motion for summary judgment de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

The underlying action arose from an accident in which Mr. Del Rio's vehicle allegedly struck a protruding manhole cover while traveling westbound on West Flagler Street somewhere between 16th Avenue and 17th Avenue in Miami-Dade County. On the date of the accident, Russell Engineering was performing roadwork in the area pursuant to a contract with the Florida Department of Transportation.

The issue on summary judgment centered on the location of the manhole cover and whether it was in the area where Russell Engineering was performing work at the time. Mr. Del Rio unequivocally testified at least three separate times during his first deposition that the manhole cover was located on West Flagler Street between 16th Avenue and 17th Avenue. During discovery, Mr. Del Rio also produced close-up photographs of the manhole cover, which he testified he took some time after the accident occurred although he could not recall exactly when. These photographs

2

depicted a manhole cover with a "W" in the center and several white striped circles around the "W."

Mr. Del Rio also testified during his first deposition that he could not recall which of the two westbound lanes he was traveling in when he struck the manhole. During his second deposition almost two months later, defense counsel presented Mr. Del Rio with a Google Earth photograph of the area where the incident occurred and asked whether the photograph showed the manhole cover Mr. Del Rio struck. Mr. Del Rio responded, "I believe it is," and identified the manhole cover in the right lane as the one he believed was involved. That manhole cover had dots embedded across the cover and the word "sewer" displayed on it. The Google Earth photograph also showed a water main manhole cover in the left lane with a "W" in a box in the center.

Russell Engineering moved for summary judgment and argued it was not liable to Mr. Del Rio because the manhole cover Mr. Del Rio claimed to have struck was "not located in any westbound lanes of W. Flagler Street, nearing S.W. 17th Avenue." In support of its argument, Russell Engineering noted that the manhole cover Mr. Del Rio identified in the Google Earth photograph exhibit during his deposition was not the same as the one depicted in the close-up photographs taken by him and argued that none of the manhole covers located in the area identified by Mr. Del Rio resembled

the manhole cover depicted in the close-up photographs he produced. In opposition, Mr. Del Rio relied on his unequivocal testimony that the manhole cover was located on West Flagler Street between 16th Avenue and 17th Avenue and argued there was a genuine issue of material fact regarding the location of the manhole cover that precluded summary judgment.

Following a hearing, the trial court granted summary judgment in favor of Russell Engineering, finding that Mr. Del Rio failed to put forth sufficient evidence that the manhole cover he struck was located on West Flagler Street between 16th and 17th Avenue. The trial court noted that both Mr. Del Rio's expert witness and Russell Engineering's corporate representative agreed that Mr. Del Rio's photograph of the close-up manhole cover he struck was not the equivalent or the same as the two manhole covers that were present and in existence in the two westbound lanes on West Flagler Street between 16th and 17th Avenue. The trial court further found that Mr. Del Rio lacked sufficient evidence to establish another location of the manhole cover or that Russell Engineering had performed work at this other unknown location.

An issue of fact is "genuine" for summary judgment purposes if it could allow a jury to return a verdict in favor of the non-moving party, and an issue of fact is "material" if it could have any bearing on the outcome of the case

4

under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). "If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." Moore v. Moore, 475 So. 2d 666, 668 (Fla. 1985).

Here, the trial court erred in relying only on the photographic evidence produced and the testimony of Russell Engineering's corporate representative and Mr. Del Rio's expert witness relating to the photographs, while seemingly failing to consider and give weight to Mr. Del Rio's unequivocal testimony regarding the location of the manhole cover. Mr. Del Rio testified at least three separate times during his first deposition that the accident occurred "[b]etween 16th Avenue and 17th Avenue and West Flagler Street," that the manhole was located "[o]n Flagler Street," and, finally, clarifying for defense counsel that the accident occurred on Flagler Street between "16th and 17th" Avenue not "15th and 17[th]."

Moreover, a reasonable jury could conclude that Mr. Del Rio's subsequent identification of the sewer manhole cover in the right lane as opposed to the water main manhole cover in the left lane during his second deposition was a mistake, as Mr. Del Rio's expert witness suggested, given that Mr. Del Rio testified during his first deposition that he could not recall

5

which of the two westbound lanes he was traveling in when he struck the manhole cover. Finally, Mr. Del Rio testified that he took the close-up photographs he produced sometime after the accident, but he could not recall exactly when, and the Google Earth photographs produced by the defense are dated one month <u>after</u> the accident. Therefore, neither party's photograph conclusively establishes how (or where for that matter) the manhole appeared on the date of the accident. Accordingly, the photographic evidence does not "blatantly contradict[]" Mr. Del Rio's testimony that the manhole was located on West Flagler Street between 16th and 17th Avenue. <u>See</u> <u>Wilsonart, LLC v. Lopez</u>, 308 So. 3d 961, 963 (Fla. 2020) (quoting <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007)).

Mr. Del Rio's testimony was sufficient to establish a disputed issue of material fact concerning the location of the manhole cover. The photographic evidence produced did not definitively disprove Mr. Del Rio's testimony. Rather, when Mr. Del Rio's testimony and the photographic evidence at issue are taken together, it is clear they present an issue of fact for a jury to decide.

Because a genuine issue of material fact exists as to whether the manhole cover Mr. Del Rio struck was located on West Flagler Street between 16th and 17th Avenue in the area where Russell Engineering was performing roadwork, the trial court should have allowed the issue to go

6

before a jury. We therefore reverse the order granting summary judgment in favor of Russell Engineering and remand for further proceedings.